UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QIAN CHEN,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF SEATTLE,<br><br>               Defendant. | CASE NO. 2:19-cv-01388 RSM<br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff Qian Chen, appearing *pro se*, filed an application to proceed *in forma pauperis* (IFP) and a proposed civil complaint. Dkt. 1. The City of Seattle is named as a defendant in the captions, but otherwise the IFP application and complaint are blank. The docket reflects Plaintiff telephoned the Clerk of Court to advise that, he is visually impaired, he does not receive written mail, and he does not intend to file any additional documents in this case. On August 30, 2019, the same day he filed the IFP application and complaint in this case, Plaintiff filed similarly blank IFP applications and complaints in six other cases. *See* Case No. 2:19-cv-01386-RAJ-BAT *Chen v. Human Rights Commission*; Case No. 2:19-cv-01387-RAJ-MAT *Chen v. Martinez*; Case No. 2:19-cv-01389-JCC-MAT *Chen v. Cantwell*; Case No. 2:19-cv-01390-MJP-MLP *Chen v. University of Washington*; Case No. 2:19-cv-01391-JCC-MLP *Chen v. Seattle Office for Civil Rights*; and 2:19-cv-01392-RAJ-MAT *Chen v. Department of Services for the Blind*.

      The undersigned recommends that Plaintiff's IFP application be **denied** and his complaint be **dismissed without prejudice**.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Because he submitted a blank IFP application, Plaintiff has failed to make the financial showing required by 28 U.S.C. § 1915(a)(1). Although Plaintiff indicated to the Clerk that he is visually impaired and has difficulties accessing his mail, the record reflects that he previously filed several IFP applications and complaints in this District. *See* Case No. 2:07-cv-55-RSM *Chen v. University of Washington* (filed 01/12/07, closed 03/05/08); Case No. 2:07-cv-00514-TSZ *Chen v. United States Department of Education* (filed 04/06/07, closed 06/03/08); Case No. 2:08-cv-00160-JLR *Chen v. University of Washington* (filed 01/31/08, closed 06/03/08); Case No. 2:08-cv-00426-JCC *Chen v. University of Washington* (filed 03/13/08, closed 05/13/08); Case No. 2:08-cv-00427-RSL *Chen v. Martinez* (filed 03/13/08, closed 05/05/08); Case No. 2:11-cv-02140-EFS *Chen v. University of Washington et al* (filed 12/21/11, closed 03/19/12).

Because Plaintiff's complaint is blank, this provides additional reason to deny his IFP application. "'A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). In fact, the court has a duty to examine any IFP application to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny the IFP application. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

Moreover, the court must dismiss an *in forma pauperis* case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable

REPORT AND RECOMMENDATION - 2

basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e).

Plaintiff's complaint is clearly without basis in law or fact because it contains no factual contentions at all. Other than naming the City of Seattle as defendant, the complaint is blank. In addition, while a local government unit or municipality (such as the City of Seattle), can be sued as a "person" under § 1983, a municipality may only be held liable for an official's unconstitutional conduct under § 1983 if such conduct was caused by a city policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir.2005) (citing *Monell*, 436 U.S. at 691–94). A municipality cannot be held liable solely because it employs a tortfeasor, under a respondeat superior theory. *Monell*, 436 U.S. at 691.

A plaintiff must show the identified policies or customs were the "moving force" behind the constitutional violation. *See id*. at 694–95. That is, a plaintiff must demonstrate "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Here, Plaintiff has made no allegations of such policies or customs.

## CONCLUSION

Despite the foregoing deficiencies, it is at least possible that Plaintiff can file an IFP application with a sufficient financial showing and a complaint stating a factually and legally sufficient cause of action against a proper defendant, as he has demonstrated an ability to do so in the past. For this reason, the undersigned recommends that Plaintiff's IFP application be

REPORT AND RECOMMENDATION - 3

**denied**, but that his complaint be **denied without prejudice**. A proposed order of dismissal accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed no later than **September 26, 2019.** The Clerk should note the matter for **September 30, 2019**, as ready for the District Judge's consideration if no objection is filed.  Objections shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 6th day of September, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4